**Lawrence A. STANLEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**VARIOUS ARTICLES OF CHILD PORNOGRAPHY BELONGING TO Lawrence A. STANLEY, as Set Forth in Schedule A, Defendant.**

Nos. CV–93–1832 (HBT),
CV–93–3005 (HBT).

United States District Court,
E.D. New York.

May 30, 1996.

---

Eugene B. Nathanson, New York City, for Mr. Lawrence A. Stanley.

Gary Brown, Scott Dunn, Assistant United States Attorneys, Brooklyn, NY, for United States of America.

## MEMORANDUM DECISION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

TURRENTINE, Senior District Judge.

These matters are before the Court following a bench trial held April 29–30, 1996. At issue are various items of child pornography seized from the residence of Lawrence A. Stanley ("Stanley") by federal agents. After due consideration of the evidence and arguments of counsel, the Court finds that the items are subject to civil forfeiture pursuant to Section 2254 of Title 18, United States Code. Child pornography has been recognized as a category of material outside the protection of the First Amendment. Although it has been suggested that a tiny fraction of these materials may enjoy First Amendment protection if possessed for educational, medical, or artistic reasons, the civil forfeiture statute contains no such exception.

### I. Factual Background

In September 1989, various items of child pornography consisting of approximately 225 periodicals, 100 color photographs/contact sheets and five videotapes were seized by United States Postal Inspector John E. McDermott during a search of Stanley's New York residence. The items were found in a locked metal container located beneath Stanley's bed. They have been in the custody of the United States Postal Service for use as evidence in criminal proceedings initiated against Stanley.[1]

The confiscated materials include over two hundred commercial magazines. Various titles include: Bambina Sex, Children Love, Lolita Color Special, Loving Children, Masturbating Lolita and Schoolgirls. These publications contain nude photographs of

1. Stanley was acquitted of criminal charges in February 1993.

children, clearly under the age of 18, and accompanying text. Most of the photographs depict prepubescent girls positioned so as to expose their genitalia. In certain instances, children are shown masturbating or urinating. Some photographs depict children engaged in oral sex with adults. Most appear to have been published or printed in locations outside of the United States between 1970 and 1984.

Stanley testified that the items were acquired in connection with his research for "The Child Pornography Myth", an article published in the Cardozo Arts and Entertainment Law Journal. Most of the items were obtained by Stanley in the Netherlands, who transported them into the United States. With these materials, Stanley testified that he intended to conduct a content analysis of commercial child pornography, including photographs and other visual depictions. In this endeavor, Stanley intended to statistically index the visual depictions of child pornography. The items, however, were seized prior to the completion of the content analysis.

The parties agree the magazines, photographs and videotapes contain visual depictions of minors engaged in sexually explicit conduct in violation of Section 2252 of Title 18, United States Code. Section 2252 prohibits the transportation, receipt and sale of any visual depiction involving the use of a minor engaged in sexually explicit conduct that has been mailed, shipped or transported in interstate or foreign commerce. In addition, the statute prohibits possession of three or more books, magazines, periodicals, films, videotapes or other materials which contain any visual depiction of minors engaged in sexually explicit conduct. 18 U.S.C. § 2252(a)(4)(B) (1994). As used in this section, a minor is anyone under the age of eighteen years. 18 U.S.C. § 2256(1) (1994). "Sexually explicit conduct" refers to actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2).

## II. *Discussion*

The United States seeks an order of forfeiture for the specific items listed above. At trial, Stanley denied ownership in the color photographs or contact sheets. These items are therefore ORDERED forfeited to the United States. Stanley, however, asserted a claim for the return of the commercial magazines.[2] Stanley argues that as an academic researcher, he is entitled to possess the materials under the First Amendment. Relying on *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), Stanley urges the Court to find an exception to section 2254 for bona fide academic research.[3]

In *New York v. Ferber*, the Supreme Court addressed a New York statute prohibiting persons from knowingly promoting sexual performances by children under the age of 16 by distributing material which depict such performances. Certiorari was granted on the question whether the New York Legislature, consistent with the First Amendment, could prohibit the dissemination of material which shows children engaged in sexual conduct regardless of whether such materials were obscene under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *Ferber*, 458 U.S. at 753, 102 S.Ct. at 3352.

The Supreme Court held that child pornography fell outside the protection of the First Amendment because of the States' compelling interest to safeguard the physical and psychological well-being of children. *Id.* at 763–64, 102 S.Ct. at 3357–58. The Court recognized that "the States were entitled to greater leeway in regulation of pornography depictions of children." *Id.* at 754, 102 S.Ct.

---

2. If the materials are returned to Stanley, he proposes that they be deposited with The Institute for Advanced Study of Human Sexuality in San Francisco, California, for further study.

3. Stanley has provided the Court with a copy of the unpublished decision of Chief Judge Barbara J. Rothstein of the Western District of Washington, denying a criminal defendant's motion to dismiss in *United States v. Ronald J. Bryant*, No.

CR92–35R (W.D.Wash. May 13, 1992). Judge Rothstein found that "child pornography legitimately transported or possessed for academic purposes is one of the narrow categories of material that the Supreme Court in *Ferber* anticipated would have First Amendment protection." *Id.* at 7. This Court respectfully declines to adopt a similar holding for the reasons stated herein.

at 3354. The New York statute was not unconstitutionally overbroad even though a "tiny fraction" of materials involving serious literary, scientific, or educational value were within its reach. *Id.* at 773, 102 S.Ct. at 3363. Interestingly, the Court found little value in permitting live performances or photographic reproductions of children engaged in lewd sexual conduct.[4] *Id.* at 762–63, 102 S.Ct. at 3357–58.

■ In 1984, Congress enacted the Child Protection Act of 1984, Pub.L. No. 98–292, 98 Stat. 204 (1984). Partially in response to *Ferber,* the Child Protective Act sought to increase the effectiveness of federal laws designed to combat the creation and proliferation of child pornography. Civil forfeiture was one of the provisions implemented under the Act. Section 2254 of Title 18, United States Code, reads, in pertinent part, as follows:

(a) **Property subject to civil forfeiture.** The following property shall be subject to forfeiture by the United States:

(1) Any visual depiction described in section 2251, 2251a, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter.

(2) Any property, real or personal, used or intended to be used to commit or to promote the commission of an offense under this chapter involving a visual depiction described in section 2251, 2251A, or 2252 of this chapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

(3) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of this chapter involving a visual depiction described in section 2251, 2251A, or 2252 of this chapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

18 U.S.C. § 2254(a).

On its face, the statute does not exclude materials which have serious literary, scientific, or educational value from forfeiture.[5] It also appears that Congress did not intend to exempt such materials and declines *Ferber's* invitation to do so. Legislative history of the Child Protective Act reveals that Congress rejected a proposed affirmative defense for serious literary, artistic, scientific, social, or educational value to prosecution under the child pornography laws, 18 U.S.C. § 2251 et seq. H.R.Rep. No. 98–536, 98th Cong., 2d Sess., at 4 (1983). Without a viable exception, the items seized from Stanley are subject to forfeiture pursuant to 18 U.S.C. § 2254(a)(1).

■ Assuming for a moment that a literary, scientific, or educational exception exists, the seized items would be subject to forfeiture because Stanley fails to qualify as a bona fide researcher. Stanley's knowledge of the legislation and case law surrounding child pornography is quite impressive. There is little question as to his analytical abilities, as evidenced by his legal writings. Notwithstanding Stanley's legal training and abilities, serious doubt remains regarding Stanley's qualifications to perform valid scientific research.

Questions regarding Stanley's scientific methodology in preparation for the content analysis have been raised. According to the government's expert witness, Dr. James Weaver, Stanley only possessed superficial

---

**4.** Justice White, writing for the court, stated, "We considered it unlikely that visual depictions of children performing sexual acts or lewdly exhibiting their genitals would often constitute an important and necessary part of a literary performance or scientific or educational work." *Id.* at 762–63, 102 S.Ct. at 3357–58.

**5.** The only express exception found in section 2254 is an "innocent owner" defense which does not apply to the items seized from Stanley.

knowledge of the nomenclature of social science and content analysis research. At trial, Stanley testified that he has received no formal training in psychology, anthropology, or sociology. Rather, Stanley testified that his knowledge of scientific methodology was informally acquired.

Questions were also raised concerning Stanley's extraordinary interest in child erotica. There was testimony that Stanley had been a member of the steering committee of the North American Man Boy Love Association ("NAMBLA"), an organization advocating changes in the laws regarding sexual activity between men and boys. In addition, it was disclosed that Stanley publishes a newsletter entitled "Uncommon Desires", which focuses on relationships between men and girls. Finally, Stanley testified to having a proprietary interest in boutiques, both in the United States and abroad, which sold sexually erotic items.

In an attempt to distance himself from the negative implications raised above, Stanley requests that the Court return the seized items to The Institute for Advanced Study of Human Sexuality ("Institute"). Although the scope of Stanley's association with the Institute is not entirely clear, the Court finds that the relationship, if any, fails to add validity to Stanley's claim to being an academic researcher. Stanley testified that he has not conducted any work with the Institute since 1989. It is also interesting to note that Stanley failed to submit a written proposal to the Institute regarding the proposed content analysis until 1993, after forfeiture proceedings had been initiated. By all appearances, Stanley has attempted to legitimatize his claim by requesting the materials be returned to the Institute. However, the Institute has not filed a claim to the seized materials and is not a party to this action.

For the reasons stated above, judgment is entered in favor of the United States and against Stanley and the defendant property. The items of child pornography are ORDERED forfeited to the United States.

IT IS SO ORDERED.